FILED

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

2022 MAR 15 AM 9:29

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| ROBERT MONI, | ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. _____ |
| | ) |
| VOLUSIA COUNTY GOVERNMENT, a | ) |
| Florida governmental organization, | ) |
| VOLUSIA COUNTY SHERIFF'S OFFICE, | ) |
| a Florida governmental organization, | ) |
| MICHAEL J. CHITWOOD, individually and | ) Jury Trial: (check one) Yes ✓ No __ |
| in his official capacity as Volusia County | ) |
| Sheriff, and UNKNOWN DEFENDANTS 1-10, | ) |
| individually and in their official capacities. | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(Non-Prisoner Complaint)

---

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of the person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

For your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Plaintiff, ROBERT MONI, files this Complaint against Defendants, VOLUSIA COUNTY GOVERNMENT, VOLUSIA COUNTY SHERIFF'S OFFICE, MICHEL J. CHITWOOD AND UNKNOWN DEFENDANTS 1-10 and alleges the following:

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

1. Name: ROBERT MONI
   Address: 1512 Newport Avenue
   Deland, Florida 32724
   County: Volusia
   Phone: (386) 235-8785
   Email: motorwayi@yahoo.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

1. Name: VOLUSIA COUNTY FLORIDA
   Address: 123 West Indiana Avenue
   P.O. Box 569
   Deland, Florida 32721
   County: Volusia
   Phone:
   Email:
   _____ Individual Capacity  √ Official Capacity

2. Name: VOLUSIA COUNTY SHERIFF'S OFFICE
   Address: 123 West Indiana Avenue
   P.O. Box 569
   Deland, Florida 32721
   County: Volusia
   Phone:
   Email:
   _____ Individual Capacity  √ Official Capacity

3. Name: MICHAEL J. CHITWOOD, 123 West Indiana Avenue
   Address: 123 West Indiana Avenue
   P.O. Box 569
   Deland, Florida 32721
   County: Volusia
   Phone: (386) 736-5361
   Email: mchitwood@vcso.us
   √ Individual Capacity  √ Official Capacity

4. UNKNOWN DEFENDANTS 1-10, acting under Color of Law
   √ Individual Capacity  √ Official Capacity

## II. Basis for Jurisdiction

> Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (*check all that apply*):

_____ Federal Officials (a *Bivens* claim)

___√___ State or local officials (§ 1983 claim)

> B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. Plaintiff is a resident of Deland, Volusia County, Florida.

2. Respondents are governmental organizations, Volusia County local officials and/or local law enforcement employees all acting "under color of State law," including but not limited to Florida statutes, local ordinances, regulation, custom, or usage... 42 U.S.C. § 1983.

3. Plaintiff files this suit under 42 U.S.C. § 1983 alleging "deprivation of rights, privileges, or immunities secured by the United States Constitution."

4. Specifically, Plaintiff alleges Defendants violated his

a. First Amendment right to Freedoms of Speech, of the press, of assembly and to petition;

b. violated his rights to pursue his Religious beliefs. Take no part in the unfruitful works of darkness; instead expose it. (Ephesians 5:11);

c. his Second Amendment right to keep and bear arms for self-defense; (inalienable rights); and

d. his Fourteenth Amendment right to life, liberty, or property, without due process of law (under the equal protection clause).

5. Further, Plaintiff asserts he is a victim of "Honest Services Fraud" but forced to pursue the remedies in civil court due to the systemic failure and flaws of government and agencies, including Defendants, with a long-standing history, generation to generation, of enabling and protecting corruption.

> C. Plaintiffs suing under *Bivens* may only recover for the violations of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

> D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

6. The power of electing Volusia County's Sheriff lies with the county's residents.

7. The county sheriff is directly responsible to the courts, but also the State of Florida for the enforcement of state and local laws.

8. The county sheriff deputies provide law enforcement to the unincorporated areas of Volusia County and assist the various municipal police departments.

9. At all times material hereto, Defendant Michael J. Chitwood was the Sheriff of Volusia County, and as such, responsible for his and his deputies' actions and/or lack of action in the enforcement of State law.

10. Unknown Defendants 1-10 were associates of the organized crime network and deputy sheriff's, acting under the authority of Volusia County Government and/or Volusia County Sheriff's Office and/or Sheriff Michael J. Chitwood.

11. All Defendants are governed under Florida Statutes, local rules, and ordinances pertaining to the duties and responsibilities of local law enforcement personnel. More specifically, Defendants actions and/or inactions violate the very laws and protections they are sworn to uphold and protect in their individual and official capacities, amounting to Defendants themselves participating in criminal activity. The events giving rise to Plaintiff's claims occurred in Volusia County, Florida.

## III.  Statement of Claim

> State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plan statement of each claim in a separate paragraph. Attach additional pages if needed.
>
> A. Where did the events giving rise to your claim(s) occur?
> B. What date and approximate time did the events giving rise to your claim(s) occur?
> C. What are the facts underlying your claim(s)? (*For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?*)

12. In 2009, Plaintiff purchased an industrial property located at 1512 Newport Avenue, Deland, Florida. This location was initially intended to be solely for

Plaintiff's principal place of business. Plaintiff owns and operates a trucking business, Motorway, Inc.

13. Immediately after Plaintiff moved his equipment to 1512 Newport Avenue, Deland, Florida, equipment and parts were stolen. The equipment and parts were chained, and pad locked on Plaintiff's property, but near the neighbors' buildings at 1515 Newport Avenue and 1518 Newport Avenue.

14. Plaintiff contacted Volusia County Sheriff's Department; Deputy Hilliard responded to the call and took a report. They observed a well-defined footprint and Plaintiff suggested the deputy investigate one of the neighbors (FLAVEL JONES) who was changing his shoes while the Plaintiff and the Deputy were observing the well-defined footprint.

15. Plaintiff reported grand theft of his property on at least three occasions; two of those occasions involved, 1) when Plaintiff's storage trailer was broken into and items were stolen, and 2) when his utility trailer and brush mower were stolen.

16. At the same time, Plaintiff reported he also suspected what appeared to be drug trafficking activity in the neighborhood. Volusia County Sheriff Deputy Hilliard's attitude and statements were unsettling to Plaintiff and no action was taken by Deputy Hilliard to follow up on Plaintiff's information.

17. By 2010, Plaintiff purchased a residential property located at 2129 West Parkway, Deland, Florida. Plaintiff relocated Motorway, Inc. and its principal place of business and equipment to this location.

18. During this time, one of the Newport Avenue neighbors approached Plaintiff about repairing their driveway. Plaintiff performed the work and was paid with cocaine.

19. Plaintiff suffered an addictive relapse making continuing purchases of cocaine from neighbors while witnessing and observing high volume traffic and high society type clientele, boasting of big connections.

20. Law enforcement corruption became clear and obvious in 2011. Plaintiff learned one of Plaintiff's neighbors grew up with former Volusia County Sheriff, Ben F. Johnson. Plaintiff witnessed Ben F. Johnson at his neighbors while drug trafficking was occurring in the neighborhood, not to mention the uncommon and suspicious traffic at the neighbor's location where former Sheriff Ben Johnson frequented.

21. The Newport Avenue neighborhood was treated as a criminal safe zone when responding deputies were repeatedly called off by higher command. This was all reported later to the Federal Bureau of Investigation.

22. In 2012, Volusia County Sheriff's street deputies respond to a 9-1-1 call from a minor child at the residence of (MIKE HENRY) reporting she was home alone and someone was attempting to break into the residence. HENRY also owned a business located on Newport Avenue and is an associate/operative of the Volusia County organized crime network.

23. HENRY'S daughter had also placed a call to her father letting him know what was going on. When HENRY arrived home, deputies determined HENRY was intoxicated, a search was conducted of HENRY'S person, cocaine is discovered, and an arrest made.

24. As a result of the 9-1-1 call coming from outside the protected Newport Avenue safe zone and not going directly to the Volusia County Sheriff's Office Narcotics Unit, the cocaine trafficking ceases on Newport Avenue for a period.

25. The following morning, Plaintiff's Motorway, Inc. truck had been parked at 1512 Newport Avenue, Deland, Florida, overnight. The following morning the truck started up hard and broke down in route to the scheduled delivery. The truck was towed to a mechanic shop in Orlando but the shop was unable to determine the source or the issue.

26. Plaintiff had his truck towed to his residence at 2129 West Parkway, Deland, Florida, where it continued to sit for two (2) years.

27. In 2013, Ray (lnu), who was an associate of the drug traffickers on Newport Avenue, was homeless. Plaintiff provided Ray (lnu) with temporary residency at Plaintiff's 2129 West Parkway residence.

28. During this time, Ray (lnu) confided to Plaintiff he was a Vietnam era draft dodger and lived his entire life underground. His sir name was never divulged. Ray gave Plaintiff information about the organized crime network with law enforcement connections.

29. In 2014, Plaintiff sold his property at 2129 West Parkway, Deland, Florida and purchased property at 1014 3rd Street in Port Orange. During the move, the Motorway, Inc. truck that was sabotaged had to be moved. Plaintiff striped the engine apart and discovered the source of the sabotage.

30. Wiring that had protective covering was spliced to expose them to short circuit, then put back into the covering.

31. In response to the confirmed malicious sabotage of Plaintiff's truck, Plaintiff wanted the criminals held accountable. Plaintiff contacted Volusia County Sheriff's Office, Sergeant Gary MacDowell and West Volusia Narcotics Unit, Sergeant Mike Havener and Detective Dave Clay, giving continuing actionable information about the drug trafficking activity on Newport Avenue. The pattern of drug trafficking was altered when law enforcement was given the information by Plaintiff. This confirmed law enforcement connectivity to the organized crime network.

32. The Volusia County Sheriff's Office officials and/or employees, have connections to the continuing criminal activity in Volusia County. A neighbor's mother was a retired Volusia County Sheriff's Office employee, and his brother is believed to be former Chief Deputy Robert Jones, Volusia County Sheriff's Office.

33. In 2015, Plaintiff became a member of the Volusia County Republican Executive Committee and solicited candidates to oppose Ben F. Johnson in the 2016 election including Wendel Bradford, who was a previous candidate for Volusia County Sheriff and Michael J. Chitwood, then Chief of Police for Daytona Beach Police Department.

34. Ben F. Johnson phoned Plaintiff to intimidate and threaten him.

35. In response, Plaintiff filed State level complaints against Mr. Johnson and Volusia County Sheriff's Office to the Florida Department of Law Enforcement, Florida Ethics Commission, Governor Rick Scott, Congressman DeSantis' representative, Andrew Minor.

36. Plaintiff also filed Federal level complaints to Drug Enforcement Administration, Orlando, Agent Raymond S. Coolidge and the Federal Bureau of Investigation in Daytona, and Plaintiff met with Agent Rob Corli.

37. Plaintiff began to fear for his safety with knowledge that Ben F. Johnson has family relation in the Federal Bureau of Investigation, he married a high-profile reporter and was previously head of the Florida Sheriff's Association.

38. Additionally, other facts causing Plaintiff to fear for his life are that individuals who had similar information as Plaintiff, lost their careers and even their lives.

39. Continuing through 2015, following Plaintiff's reports of drug trafficking, Volusia County Sheriff's Office helicopters began hovering over and around Plaintiff's property located at 1014 3rd Street, Port Orange, Volusia County, Florida.

40. Port Orange Police Department officials continually harassed Plaintiff, on at least three separate occasions, including but not limited to, 1) a stop and search resulting in the Port Orange Police Officer testing some pills labeled aspirin Plaintiff had in his possession and confirmed them to be aspirin; 2) issuing a seat-belt violation citation, and 3) a trespass citation on an occasion Plaintiff was parked off the side of the road to talk on the phone, detained and searched for one and half hours resulting in a criminal trespass charge, fines, and community service.

41. Plaintiff discovered reports Port Orange Police Department were given information by Volusia County Sheriff's Office, that Plaintiff was a drug trafficker.

42. In 2016 and continuing through into 2017, Plaintiff sold his property at 1014 3rd Street, Port Orange, Volusia County, Florida and returned to his property at 1512 Newport Avenue, Deland, Florida.

43. One neighbor at 1518 Newport Avenue sold their property to an individual who is a known convict, known drug trafficker (WYNELL PITTS a/k/a CHOPPER), and has alleged family relation in Volusia County Sheriff's Office Narcotics Unit.

44. As stated previously, Plaintiff made high level complaints against the FBI to Florida republican representatives.

45. In 2017, Michael J. Chitwood became Volusia County Sheriff.

46. Shortly after election, Defendant Chitwood met Paul Ryan, Speaker of United States House of Representatives, then met with James Comey, Director Federal Bureau of Investigation.

47. Plaintiff believes his actions, including the statement he made during a previously filed federal civil suit against Volusia County, where he openly stated that Volusia County is an organized crime entity, should have been one of the topics of discussion between newly elected Sheriff Michael J. Chitwood and high level representatives.

48. Plaintiff's property at 1512 Newport Avenue, Deland is at the Deland airport and visible to aircraft. In 2017, Plaintiff displayed a military distress signal, an upside-down American flag and began to inform Defendant Sheriff Chitwood, through his secretaries Karen and Dana. On this occasion, Plaintiff gave them information he would be adding a deterrent value, a shotgun he intended to purchase and had no hostile intent.

49. Right after Plaintiff informed Chitwood's office, and upon returning to his property after purchasing his shotgun, neighbors acted in coordination to incite the Plaintiff causing a law enforcement response. Despite being outside of their jurisdiction, Deland Police Department responded first and secured the scene including placing Plaintiff

in handcuffs and otherwise secured. Then Chief Deputy Creamer of Volusia County Sheriff's Office responded to the scene with his gun drawn and pointing directly at the Plaintiff.

50. In a separate incident, in a desperate attempt to non-violently defend his life from drug traffickers and career criminals, Plaintiff barricaded the property at 1512 Newport Avenue. Plaintiff was arrested and charged with felony littering – which was later dropped.

51. For over thirteen (13) years, Plaintiff exercised his rights to defend himself and to expose public official corruption through public statements, complaints, and civil suits.

52. Volusia County Government, Volusia County Sheriff's Office, and associates conspired and continue to conspire against Plaintiff and his efforts to defend himself and expose the organized crime entity, involved in drug trafficking, racketeering and money laundering enabling and participating in what they are sworn to uphold and protect against.

53. Plaintiff was forced to purchase firearms to defend his life and property against organized crime (networks) operating through Volusia County Government.

54. Plaintiff was retaliated against and targeted by criminals/operatives of the organized crime network/public officials involved in drug trafficking, racketeering and money laundering. Attempts were made to bait Plaintiff into criminal activity; to falsely incriminate him and perceived attempts made on his life.

55. Despite the fact what Plaintiff knew and confirmed to be public official corruption, all attempts to expose it were being suppressed exposing even higher levels of corruption. Plaintiff believes he is confronting high level corruption with covert technology capabilities.

56. Plaintiff is in danger due to his refusal to take continuing advice (threats) to leave it alone.

57. Plaintiff was and is (TARGETED FOR RETRIBUTION) by intimidation, harassment and what Plaintiff believes to be (DIRECTED ENERGY WEAPONS) feeling ill with symptoms associated with microwave exposure. Plaintiff initially believed his symptoms were stress related.

58. Volusia County Sheriff's Office helicopters are used as a (TERROR) weapon to psychologically taunt, torment and sleep deprive their target(s). They continually harassed Plaintiff with direct overhead passes and hovering, pointing its nose at Plaintiff. They used paramedic and fire department sirens to torment Plaintiff constantly.

59. The media made reports during this time regarding (HAVANNA SYNDROME). This explained the Volusia County Sheriff's Office helicopter behavior and Plaintiff's symptoms attributed to Directed Energy Beam weapons, attacks and symptoms.

60. There is no defense against this type of covert technology attack other than to expose it as the U.S. Government has done (Havanna Syndrome).

61. Plaintiff filed Internal Affairs complaints and met Internal Affairs representatives asking that it stop. Plaintiff called and emailed Florida State and Federal representatives and agencies for help.

62. After exhausting all peaceful attempts to get the Volusia County Sheriff Office helicopters to stop, Plaintiff was forced to make a defensive statement that contained serious language that Plaintiff hoped would not be ignored. Plaintiff did not threaten to shoot down Volusia County helicopter.

63. Plaintiff was arrested and charged with felonies which included threats, extortion and false report of a crime.

64. Attempts were made, and continue, to bait Plaintiff into criminal activity; to falsely incriminate him not to mention the perceived attempts made on his life.

65. Plaintiff hired private attorneys to represent him. Coincidentally, then Volusia County Sheriff's Office Chief Deputy Creamer resigns. Chief Deputy Creamer was directly involved in the operation of the Volusia County helicopter unit and at one point Plaintiff had been at the end of his gun.

66. Plaintiff's statement was a desperate defensive statement made to non-violently defend his life against imminent and ongoing threats.

67. Ultimately, Plaintiff's defensive statement was misrepresented and the reason for it suppressed when he was arrested and charged as a felon in violation of his right to bear arms, freedoms of speech, freedom to pursue religion, his Fourteenth Amendment right to life, liberty, or property, without due process of law (under the equal protection clause), and his inalienable rights to defend himself.

68. Plaintiff's guns and his inalienable rights to act in self-defense were confiscated by means of a slanderous civil proceeding, reported to national news media, for a Risk Protection Order filed by Volusia County on the grounds Plaintiff is severely mentally ill and a threat to society – yet Plaintiff represented himself in court.

69. Plaintiff was forced to take a plea deal for the criminal charges of threats, extortion and false report of a crime in order to survive a skewed prosecution including the presentation of witnesses that perjured themselves. Plaintiff would have been restricted in his

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

ability to present the long history that caused the situation and the conspirators would have succeeded in the Courts.

70. Plaintiff's illness, symptoms of microwave exposure, stopped after his arrest. Plaintiff asserts his actions saved him from serious illness and death.

## IV. Injuries

> If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you are required and did or did not receive.

71. Plaintiff was forty-five (45) years old when he purchased 1512 Newport Avenue, Deland, Volusia County, Florida with no mental illness history or treatment and without criminal record. He is a licensed real estate associate and owner/operator of a trucking corporation. Plaintiff also has experience and significant history in the manufacturing, recycling, and mechanical industries. Plaintiff is currently 58-years old with a criminal record and serving probation.

72. Based on the facts above and what will be discovered herein, because of Defendants' violations of Plaintiff's First, Second Fourteenth Amendment rights and his inalienable rights to self-defense and to pursue religious beliefs; Plaintiff has suffered economic losses from theft and sabotage, legal expenses, medical expense, mental health issues, his reputation has been devastated and his living arrangements reduced to poverty, not to mention his loss of care, comfort, peace and society.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claims for the acts alleged. Explain the basis for these claims.

**WHEREFORE,** Plaintiff prays a jury trial be held and final judgment rendered in favor of Plaintiff and against Defendants including but not limited to the following:

1. Plaintiff has suffered at least $50,000.00 from theft and sabotage.

2. Plaintiff has suffered losses of at least $60,000.00 in legal expenses in the past and will continue incurring legal expenses in the future.

3. Plaintiff has suffered losses from the INTENTIONAL INFLICTION OF EMOTIONAL HARM including but not limited to, past medical expenses for therapy and medication for an outrageous situational condition causing in at least an approximate amount of $20,000.00. Plaintiff's condition was situational not medical, though continuing therapy is needed to cope with the outrageousness. Plaintiff is not currently taking nor does he need medication. Rather, Plaintiff needs and wants justice.

4. Misdiagnosis by evaluators led to Court Ordered heavy antipsychotic medications which caused illness and impaired Plaintiff's ability to safely operate his trucking business. Under threat of institutionalization the Plaintiff refused medication risking his freedom. It amounts to torture.

5. Plaintiff has had a loss of earnings potential and will continue to suffer from lost earnings potential in the future, in the approximate amount of $200,000.00 per year, including but not limited to, the last thirteen (13) years.

6. Plaintiff is asserting $10,000,000.00 in punitive damages should be awarded against the Defendants for violating Florida laws, local ordinances and regulations acting under color of State law so as to engage in criminal behavior themselves.

7. Enjoining Volusia County and Volusia County Sheriff's Office and compelling a special investigation of the allegations herein to prevent further engagement in corrupt, criminal behavior and conspiring to organize (network) crime organizations.

8. Finding that Defendants are not entitled to qualified immunity because their alleged criminality exempts them from protection.

## VI. Certification and Closing

The Defendants intentionally and purposefully subjected the plaintiff to a highly stressful environment with the intent to provoke him into a violent, criminal act with the purpose to vilify him. This case has arisen from a severely flawed, evil system. The Plaintiff believes it is his right and duty under God to oppose and expose the Defendants. (EPHESIANS 6:12). The Defendants are a criminal entity and therefore exempt from qualified immunity.

Qualified immunity affords protection to "good faith" actions. The Defendants are "malicious." Plaintiff asserts it will be evident from the evidence presented that the Defendants are in "clear violation" of God's and United States Constitutional laws. United States Supreme Court Chief Justice John Marshall opined:

> The government of the United States has been emphatically termed a government of laws and not men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of a vested legal right.

*Marbury v. Madison*, 5 US 137 (Supreme Court 1803).

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

> Under Federal Rules of Civil Procedure 11, by signing below, Plaintiff certifies to the best of his knowledge, information, and belief that this complaints: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties without an Attorney**

> I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED this 15 day of March, 2022.

_____
Robert Moni, Plaintiff
1512 Newport Avenue
Deland, Florida
Phone: 386-235-8785
Email: motorwayi@yahoo.com